David Allegrucci (#12611)
*Allegrucci Law Office, PLLC*
307 North Miller Road
Buckeye, AZ. 85326
(623) 412-2330
(623) 878-9807
Attorney(s) for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>JUSTIN M. SCHARES,<br>and<br>DOROTHY B. SCHARES,<br><br>Debtor(s).<br><br>JUSTIN M. SCHARES,<br>Plaintiff(s),<br>vs.<br>XPRESS LOAN SERVICING,<br>Defendant(s). | Case No.: 2-09-BK-01246-CGC<br>In Proceedings Under Chapter 7<br><br>**VERIFIED COMPLAINT TO DETERMINE DISCHARGE OF STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. §523(a)(8)**<br><br>Adv. No. 2-09-ap-01370-CGC |

NOW COMES the Plaintiff, JUSTIN M. SCHARES, (hereinafter "Mr. Schares"), by and through counsel, and for his Complaint herein alleges as follows:

**JURISDICTION**

1. This matter is a core proceeding pursuant to 28 U.S.C.§157(b)(2)(I) brought in accordance with *Federal Bankruptcy Rules of Procedure* 7001 et seq. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. section 151 and venue is proper pursuant to 28 U.S.C. section 1408(1). The discharge claimed applicable to this proceeding is 11 U.S.C.§§523(a)(8) *et seq.*

**COMPLAINT**

I. Factual Background.

1. Mr. Schares is currently a seventy-eight (78) year old man.

2. During the year 2002 Mr. Schares retired from his chiropractic practice in the state of Illinois.

3. In order to further his retirement, Mr. Schares and his wife moved from the state of Illinois to Arizona during the year 2002.

4. Upon arriving in the state of Arizona, Mr. Schares desired to remain active and investigated the possibility of continuing to work in this state as a chiropractor. The state of Arizona required that Mr. Schares have five (5) years experience of work in this state or return to school prior to working as a chiropractor in this state.

5. As further schooling seemed the only option if Mr. Schares was to continue to work in this state in a health related field, Mr. Schares decided to attend school to become an acupuncturist. Mr. Schares determined that practicing as an acupuncturist would be less physically demanding upon him than working as a chiropractor at his age.

6. Mr. Schares entered the *Phoenix Institute of Herbal Medicine and Accupuncture* April, 2004 to begin the study of acupuncture at the age of seventy-three (73).

7. Mr. Schares graduated with a Master of Science degree in acupuncture April 2006 at the age of seventy-five (75). Immediately thereafter, Mr. Schares opened his own acupuncture practice in a commercial mall located at 99th Avenue and Greenway.

8. Mr. Schares operated his acupuncture practice until macroeconomic events forced him to close that practice January 30, 2009.

9. Prior to closing his acupuncture practice, Mr. Schares subsidized the

operation of that business with his community retirement savings. To that end, Mr. Schares used approximately $40,000 of savings and $25,000 from an IRA account to continue to operate his acupuncture practice with the hope that the economy would improve and he could operate that practice profitably.

10. When the state economy did not improve, and the aforementioned savings and retirement funds were exhausted, Mr. Schares was forced to close his acupuncture practice.

11. Mr. Schares' age and limited savings precludes him from ever being able to reopen his acupuncture practice when the state economy improves.

12. When the student loan payments were scheduled to begin, through the date of this Complaint, Mr. Schares has maintained regular monthly contract payments on his student loan obligations.

13. However, being unable to ever resume his acupuncture practice for the reasons set forth above, it has become, and will remain an undue hardship for Mr. Schares to maintain any further payments on his student loan obligations for the following reasons:

- The only income for Mr. Schares and his spouse is social security;
- Mr. and Ms. Schares cancelled their private health insurance to free $652.90 from the monthly premiums to be able to make their financial ends meet;
- Mr. Schares and his spouse have limited retirement funds and need the $361.66 monthly student loan payment to meet their ongoing and unexpected financial expenses;
- The Schareses surrendered their home to reduce their monthly expenses and be able to balance their financial expenses and income.

II. Allegations.

14. All allegations contained within ¶¶ 1-13 are incorporated by reference as if fully written herein.

Adversary Complaint, III

15. Mr. Schares cannot repay the debt owed the Defendant during the remainder of his natural life.

16. Mr. Schares cannot make any further payments to the Defendant from his income taking into account his age, limited retirement funds, and fixed monthly income.

17. Mr. Schares acted in good faith by making the monthly payments on his student loan obligation for the years he was financially able to do so.

18. To except the Defendant's claim from the discharge in the underlying bankruptcy proceeding, would impose an under hardship upon Mr. Schares despite a commendable effort to build an acupuncture practice and repay his obligation to the Defendant.

WHEREFORE, based upon the foregoing, the Plaintiff prays that this Court:

    a. discharge the obligations due the Defendant as an undue hardship on her pursuant to 11 U.S.C.§523(a)(8);

    b. grant such other and further relief as the Court deems just and equitable.

Allegrucci Law Office, PLLC

/s/ David Allegrucci
Attorney(s) for Plaintiff

**VERIFICATION**

NOW COMES, JUSTIN M. SCHARES, pursuant to 28 U.S.C. §1746, and states that he has read the foregoing Complaint and believes that the statements contained therein are true and correct to the best of his knowledge.

Dated _____          _____
                                                        Justin M. Schares